```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Adam Aho

    v.                                    Civil No. 15-cv-128-JL
                                         Opinion No. 2015 DNH 232
Bank of America, N.A.
Deutsche Bank Nat'l Trust Co.


**MEMORANDUM ORDER**

In this mortgage-related case, plaintiff Adam Aho brings a seven-count complaint for damages and declaratory and injunctive relief against two banks whom Aho claims have no right to foreclose on his home.  The defendants, Bank of America ("BOA") and Deutsche Bank National Trust Co. ("Deutsche"), moved to dismiss, asserting that Aho's complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). After consideration of the complaint, the parties' written submissions, and oral argument, the court grants defendants' motion.

I. **Legal standard**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint must allege facts sufficient to "state a claim to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In ruling on such a motion, the court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor.  See, e.g.,

Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). With the facts so construed, "questions of law [are] ripe for resolution at the pleadings stage." Simmons v. Galvin, 575 F.3d 24, 30 (1st Cir. 2009). The following factual summary adopts that approach.

## II.  Background facts

In January 2007, Aho and his wife executed a mortgage naming as mortgagee Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for New Century Mortgage Corporation, its successors and assigns. The mortgage secured a promissory note for $195,000 that Aho executed in favor of New Century and granted a security interest in property in Rindge, New Hampshire. New Century endorsed the note in blank and undated. New Century filed for Chapter 11 bankruptcy in August 2008.

The mortgage was assigned from MERS to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing ("BAC"). That assignment was recorded in the Cheshire County (N.H.) Registry of Deeds on August 29, 2011. BOA is the successor by merger to BAC.

2

In July 2012, Select Portfolio Servicing, Inc. ("SPS") began servicing Aho's loan. Deutsche, as trustee for a trust into which the note and mortgage were pooled with other mortgages and sold to investors – known as securitizing -- holds the note. An assignment of the mortgage from BOA to Deutsche, as Trustee, was recorded in the Cheshire County Registry on November 19, 2014.

By letter dated August 24, 2011, BOA notified Aho of its intent to foreclose on the property. Shortly thereafter, Aho filed suit in state court to enjoin the foreclosure. He claimed that he was deceptively "put into this mortgage" and asked that the bank provide the signed contract and original promissory Note. Roughly one month later, the Superior Court continued the foreclosure sale for 60 days. By February 2012, the state court noted that the note had been produced but that Aho continued to challenge the identity of the note holder. After a lengthy interregnum during which the record reflects the parties' attempts to reach an amicable resolution, Aho was informed in March 2015 that BOA was no longer the servicer of the note or mortgage and that Deutsche, as trustee, held the note. Soon after, Aho filed a second amended complaint, adding Deutsche as a defendant. Deutsche subsequently removed the case to this court.

The operative complaint consists of seven counts. Counts 1-4 allege wrongful foreclosure against BOA based on several different rationales: that BOA wasn't the note-holder when it

3

sent the foreclosure notice; that the mortgage was held by a different entity than the note, rendering it invalid; that the 2011 MERS assignment to BAC (predecessor to BOA) was invalid because it came three years after New Century's bankruptcy; and that BOA must demonstrate precisely when it came into possession of the original note to validate its right to foreclose.  The three counts against Deutsche follow a similar theme.  Aho alleges that Deutsche lacks the authority to foreclose because MERS did not have the right to assign the original mortgage, that Deutsche was never assigned the mortgage and that it does not legally own the note and mortgage due to an alleged violation of the rules of the trust into which they were purportedly transferred.  Aho seeks declaratory and injunctive relief, as well as attorneys' fees from both defendants; he also seeks compensatory damages against BOA for wrongful foreclosure.

**IV.   Legal Analysis**

**A.   Counts 1-4 (wrongful foreclosure against BOA)**

BOA argues that Aho's complaint fails to state a claim for wrongful foreclosure because, as Aho concedes, BOA did not foreclose on Aho's property and no foreclosure by BOA is scheduled.  Aho argues that merely by initiating the foreclosure process, BOA is liable.  Moreover, Aho claims entitlement to an injunction against BOA because, he alleges, BOA does not presently hold the note and mortgage.  Aho's claims fail.

"[A] necessary element of a wrongful foreclosure claim, as the claim suggests, is that a foreclosure sale must have occurred." Worrall v. Fed. Nat'l Mortg. Ass'n, 2103 DNH 158 at 8. As Judge DiClerico observed in Worrall, New Hampshire has recognized wrongful foreclosures claims *after* foreclosure sales, based on the conduct of the sale leading to an unfair sale price. Id. (citing Murphy v. Fin. Dev. Corp., 126 N.H. 536, 541-45 (1985)). Like the plaintiff Worrall, Aho cited no cases recognizing a claim for wrongful *attempted* foreclosure and conceded at oral argument that he was aware of none. To the extent Aho asks the court to expand New Hampshire law to create such a cause of action, the court declines. See Quality Cleaning Prods. R.C. v. SCA Tissue N. Am., 794 F.3d 200, 207 (1st Cir. 2015) ("A federal court sitting in diversity cannot be expected to create new doctrines expanding state law.").

Aho's claim for injunctive relief against BOA fares no better. He concedes that BOA has not foreclosed and does not hold the note or mortgage. As such, the court finds that Aho cannot establish either a likelihood of success on the merits of his wrongful foreclosure claim or the potential for irreparable harm (as to BOA) in the absence of an injunction. See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). Accordingly, counts 1-4 against BOA must be dismissed.

**B. Counts 5-7 (claims against Deutsche)**[1]

Aho's claims against Deutsche are limited to seeking a declaration that it does not validly possess the note or mortgage and an injunction preventing Deutsche from foreclosing. These counts cannot survive the defendants' motion.

The court rejects Aho's baseline argument that MERS lacked the power to assign the mortgage to BAC, legal predecessor to BOA, and thus BOA neither held nor assigned anything of legal significance. As Judge McAuliffe recently observed in Lovy v. Fed. Nat'l Mortg. Ass'n, 2014 DNH 81, at 5, n.1, the First Circuit Court of Appeals has "unequivocally ruled that MERS may validly possess and assign a legal interest in a mortgage." (quoting Serra v. Quantum Servicing Corp., 747 F.3d 37, 40 (1st Cir. 2014) (citing Culhane v. Aurora Loan Servs. Of Nebraska, 708 F.3d 282, 292-93 (1st Cir. 2013)).

The rest of Aho's claims against Deutsche fare no better. As previously explained, the note and mortgage were securitized into a trust for which Deutsche is trustee. The formation and operation of the trust is controlled by a Pooling and Service Agreement ("PSA"). The counts against Deutsche are premised on Aho's claim that Deutsche has no right to foreclose because any transfer of the note and mortgage to the trust was done in

---

[1]The court assumes, without deciding, that Deutsche's present posture – it has neither instituted nor threatened foreclosure against Aho – is not a bar to declaratory judgment.

violation of the PSA.  Deutsche argues that Aho has no standing to pursue such a claim.  Deutsche is correct.

Essentially, Aho argues that the trust acquired the note and mortgage after a deadline set forth in the PSA and that the method of acquisition did not occur in the required sequence.[2] Under New York law (which controls the trust), Aho argues, these infirmities render the instruments void, as opposed to voidable, and thus he has standing to contest the transfers.  Cf. Culhane, 708 F.3d at 291 ("[A] mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title.").

In support of his argument, Aho relies on a New York trial court decision, Wells Fargo Bank, N.A. v. Erobobo, 972 N.Y.S.3d 147 (unpublished table decision), 2013 WL 1831799 (N.Y. Sup. Ct 2013).  Erobobo, citing New York trust law, held that such transfers in violation of a PSA are void.  That decision, however, was reversed before plaintiff submitted his objection to the pending motion.  See Wells Fargo Bank, N.A. v. Erobobo, 9

---

[2] At oral argument, Aho argued for the first time that the transfer into the trust constituted a fraud on the Internal Revenue Service, making any assignment void, rather than voidable, and therefore giving him standing.  But Aho conceded that he did not brief this issue. "[T]his court generally will not consider theories raised for the first time at oral argument, out of fairness to adverse parties and the court." Johnson v. Gen. Dynamics Info. Tech., 675 F. Supp. 2d 236, 241 n.3 (D.N.H. 2009).

N.Y.S.3d 312 (N.Y. App. Div. 2015). As relevant here, the appeals court stated "Erobobo, as a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA." Id. at 314 (citing Bank of N.Y. Mellon v. Gales, 982 N.Y.S.2d 911 (N.Y. Ct. App. 2014); Rajamin v. Deutsche Bank Natl. Trust Co., 757 F.3d 79, 86-87 (2d Cir. 2014); see also, Pike v. Deutsche Bank Nat'l Trust Co., No. 2014-594, 2015 WL 4266759 (N.H. July 15, 2015) (noting Erobobo's reversal and observing that the "vast majority" of courts have found similar analysis unpersuasive)). This conclusion is consistent with general principles of New York law, under which a non-party lacks standing to enforce a contract unless the contract contains a clear indication of an intent to allow it. See e.g., Rajamin, 757 F.3d at 86 ("the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract").[3]

Given that MERS did have the authority to convey the mortgage and that Aho does not have standing to challenge the transfers to the trust, Aho's claims against Deutsche necessarily fail.

---

[3] This court notes that Judge McCafferty, faced with a choice between following the Erobobo trial court ruling and Rajamin, chose the latter, correctly forecasting the New York appellate decision released roughly two weeks later. See Monchgesang v. Deutsche Bank Nat. Trust Co, 2015 DNH 079.

**V. Conclusion**

In light of the foregoing, defendants' motion to dismiss (doc. no. 5) is GRANTED.

**SO ORDERED.**

_/s/ Joseph Laplante_
Joseph N. Laplante
United States District Judge

Dated: December 18, 2015

cc: Stephen T. Martin, Esq.
    William P. Breen, Esq.
    Peter F. Carr, II, Esq.